1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
ALEXANDER ZAIMI, CSBN: 330866
alex@garycarlinlaw.com
JOSE HERNANDEZ, CSBN: 337368
jhernandez@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorneys for Plaintiff,
BRIAN VOSSLER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN VOSSLER,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION, a government entity,<br><br>        Defendants. | Civil Docket No.: 5:23-cv-00994<br><br>**COMPLAINT FOR DAMAGES**<br><br>1)  **RACE DISCRIMINATION IN VIOLATION OF FEHA;**<br>2)  **AGE DISCRIMINATION IN VIOLATION OF FEHA;**<br>3)  **HARASSMENT ON THE BASIS OF RACE AND AGE IN VIOLATION OF FEHA;**<br>4)  **RETALIATION IN VIOLATION OF FEHA;**<br>5)  **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, RETALIATION IN VIOLATION OF FEHA;**<br>6)  **CONSTRUCTIVE DISCHARGE IN VIOLATION OF FEHA;**<br>7)  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>8)  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>    **[DEMAND FOR JURY TRIAL]** |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMES NOW the Plaintiff, BRIAN VOSSLER, who hereby respectfully alleges and complains as follows:

## INTRODUCTION

1.    This is an action brought by Plaintiff BRIAN VOSSLER pursuant to Federal statutory, decisional, and regulatory laws.  At all times herein mentioned, Plaintiff was an employee of the Defendant SOCIAL SECURITY ADMINISTRATION ("SSA").

2.    Plaintiff BRIAN VOSSLER alleges that Federal statutory, decisional, and regulatory laws prohibit the conduct by Defendant SOCIAL SECURITY ADMINISTRATION as herein alleged and therefore Plaintiff BRIAN VOSSLER has an entitlement to monetary relief on the basis that Defendant SSA violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.    Jurisdiction of this Court is based on 28 U.S.C. § 84(a).

4.    Venue in this judicial district is proper because a substantial part of the events or omissions giving rise to the claim occurred or arose in the County of Monterey, State of California.

5.    Venue is also proper in this judicial district because one or more Defendants reside or have a principal place of business in the County of Monterey, State of California.

## PARTIES

6.    At all times herein mentioned, Plaintiff BRAIN VOSSLER (hereinafter referred to as "Plaintiff" or "VOSSLER") is a resident of the County of Fresno, State of California.

7.    Defendant SOCIAL SECURITY ADMINISTRATION (hereinafter "SSA" or "Defendant") is, and at all times herein mentioned, an independent agency

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

of the U.S. federal government doing business in California, with a principal place of business located in Monterey County at 928 E. Blanco Rd., #155, Salinas, California 93901.

8.    Plaintiff is informed, believes, and thereon alleges that each Defendant herein was at all times the agent, employee, or representative of each remaining Defendant and at all times herein acting within and outside the scope and purpose of said agency and employment.

9.    Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendant supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, and/or omissions, of each remaining Defendant.

10.    Plaintiff alleges that Federal statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff is entitled to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

11.    Plaintiff is informed and believes that the Defendant(s) committed other wrongful acts or omissions that Plaintiff is presently unaware of.  Plaintiff shall conduct discovery to identify such wrongful acts and seek leave of Court to amend this Complaint to add these actions upon discovery.

## FACTUAL ALLEGATIONS

12.    Plaintiff began employment with the SSA on or about September 4, 2018, as a Customer Service representative.

\\\

\\\

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13.     During the period of Plaintiff's employment with the SSA, Plaintiff was an excellent employee and received a positive semiannual review from his supervisors.

14.     Plaintiff, who identifies as a Caucasian male and is approximately fifty-one (51) years old, was targeted by the SSA, including its supervisors, agents, and other employees due to his age and race, and who engaged in a campaign of discrimination, fabrication of false reviews, and harassment designed to inflict the maximum possible emotional distress on him; and ultimately blacklisted him with bad HR reviews which prevented him from obtaining future employment within a government entity.

15.     Prior to Plaintiff's employment with the SSA, Plaintiff was infected with Lyme Disease, which is a vector-borne disease caused by bacteria called Borrelia burgdorferi and is transmitted to humans through the bite of infected blacklegged ticks (also called deer ticks) carrying these Borrelia burgdorferi bacteria.

16.     As a direct result of contacting Lyme Disease, Plaintiff suffers from an autoimmune disability, which requires Plaintiff to monitor his stress and physical exertion, and the SSA was informed of Plaintiff's disability.

17.     Plaintiff commuted five (5) hours round trip to work at the SSA office in Salinas, CA. from his residence in Fresno, CA..  The extra duress and physical exertion of the lengthy commute began to take a toll on Plaintiff's health, therefore, Plaintiff submitted a hardship transfer request to the SSA Human Resources to transfer his employment from the SSA office in Salinas, CA. to an SSA location closer to his residence in Fresno, CA..

18.     The SSA denied Plaintiff's request for a hardship transfer and denied Plaintiff the option of working remotely a couple days per week.

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19.    Plaintiff had not previously requested accommodation for his autoimmune disability and did not know of the negative health consequences of a lengthy commute prior to his employment with the SSA.

20.    Plaintiff inevitably sought the help from his union representative to submit additional hardship transfer request(s) on his behalf, which the SSA also denied and which adversely impacted Plaintiff's ability to perform his workplace duties in addition to causing him extreme emotional distress and symptoms of stress, anxiety, low self-esteem, and depression.

21.    The SSA violated Plaintiff's rights by denying Plaintiff an accommodation by means of a transfer request or an option for telework a couple days per week.

22.    The SSA also failed to engage in a meaningful interactive process to determine what reasonable accommodations could be made for Plaintiff.

23.    The discriminating mistreatment to which Plaintiff was subjected intensified significantly after Plaintiff's hardship transfer requests were denied, which therefore caused Plaintiff additional severe emotional distress and humiliation.

24.    The SSA also retaliated against Plaintiff for complaining about the five (5) hour lengthy commute to work and requesting a hardship transfer as an accommodation for his deteriorating health and autoimmune medical disability.

25.    As stated in the foregoing paragraphs, the SSA's conduct, besides being motivated by age discrimination and racial animus towards Plaintiff, was also substantially motivated by the fact that Plaintiff and his union representative had requested hardship transfers as an accommodation.

26.    SSA's denial of Plaintiff's requests to accommodate him, in addition to the ongoing discrimination, forced Plaintiff to seek alternate employment which constitutes a constructive discharge by the SSA. By and through the continued

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

denials and discrimination towards Plaintiff, the SSA had forced Plaintiff out of his employment with the SSA.

27.     Prior to the end of Plaintiff's one year probation with the SSA, Plaintiff received a job offer from another federal agency located closer to his residence. Although the job was for less pay, Plaintiff accepted the job offer because Plaintiff could work closer to his family and there was a yearly pay increase.

28.     The new employer required Plaintiff to start work within one (1) week, therefore, Plaintiff was forced to give prompt but albeit short notice to the SSA.

29.     Despite the ongoing discrimination and denials to accommodate Plaintiff, the SSA reminded Plaintiff that his probationary status would soon be finished but Plaintiff could no longer tolerate the lengthy commute, nor could he ignore his declining health symptoms due to the long commute and his autoimmune disability, which the SSA had full knowledge of.

30.     Plaintiff informed the SSA of the primary reasons for his change in employers - namely the retaliatory denial of hardship transfer requests as well as financial hardship and increased time away from his family.

31.     On or about July 2019, Plaintiff began new employment with the National Credit Union Association (hereinafter 'NCUA').

32.     Due to Covid-19, Plaintiff's employment with the NCUA ended shortly after it began.

33.     Plaintiff spent the next 14 months applying for employment within a government entity, including many job positions within the SSA.  Despite receiving good feedback from the interviews, Plaintiff was turned down for the jobs due to a bad reference check pursuant to SSA's HR Representative.

34.     Plaintiff re-checked the references he had previously provided, and all were positively confirmed with comments similar to, "why would we give you a bad reference…?"

COMPLAINT FOR DAMAGES

35.    Less than two days after receiving an initial offer from a perspective Social Security Administration Office, Plaintiff received an email and several calls from this perspective Social Security Administration HR Representative, who informed Plaintiff the prior offer of employment had been rescinded.

36.    The HR representative informed Plaintiff that someone at the SSA office in Salinas, California had given him a bad reference and refused to provide a name. Plaintiff's perspective employer refused to complete Plaintiff's background investigation due to the bad reference they had received.

37.    Plaintiff then called the perspective employer's HR Manager and was refused additional information because he had not received a firm job offer and that he had no resources.  Plaintiff was told he could apply as much as he wanted but there was no guarantee that the same source would not provide another bad reference.

38.    Plaintiff believes and herein alleges that the SSA has damaged his reputation as a federal employee and is prohibiting Plaintiff from earning a living by continuing to provide bad references to potential employers due to his disability, race and age, rather than promoting Plaintiff as the exceptional employee he was.

39.    Plaintiff believes and herein alleges that the SSA intentionally and purposely blacklisted Plaintiff from working within the SSA, or any other governmental agency, anywhere in the country.

40.    Plaintiff believes and herein alleges that the SSA violated his rights as an individual and his Civil Rights within the American Disabilities Act.

41.    Plaintiff invested in his career and contributed to his retirement for decades while working for government entities such as the IRS and the SSA, which may now be impossible to reconnect with because of the SSA's wrongful conduct, bad references, discrimination, harassment, and retaliation.

42.    SSA discriminated against Plaintiff due to his medical (autoimmune) disability, requesting a hardship transfer accommodation, age (over 40), and race,

-7-

and is now retaliating by giving him bad references, thereby damaging his reputation, and diminishing his opportunity(s) for further employment within a governmental agency.

43.     Based on the foregoing, Plaintiff brings these complaints alleging violations of the California Fair Employment and Housing Act, including but not limited to disability discrimination in violation of FEHA, retaliation in violation of FEHA, harassment in violation of FEHA, and failure to prevent harassment, discrimination, and retaliation in violation of FEHA.

44.     Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on him by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH") and has received a Right to Sue Letter from the DFEH (attached hereto as Exhibit 'A').  Plaintiff has, therefore, substantially complied with all requirements for the filing of this Complaint and has exhausted his administrative remedies prior to filing, commencing, and serving the within action.

## CAUSE OF ACTION I
## RACE DISCRIMINATION IN VIOLATION OF FEHA
## AGAINST ALL DEFENDANTS

45.     Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

46.     At all times mentioned herein, California Government Code § 12940(a) was in full force and effect and was binding upon the SSA. California Government Code § 12940(a) generally prohibits employers from discharging and otherwise discriminating against an employee based on that employee's race.

47.     At all relevant times mentioned herein, the SSA was Plaintiff's employer, and Plaintiff was the SSA's employee.

48.    Plaintiff's race was a substantial motivating factor in the SSA's decision to take adverse employment actions against him, including (but not limited to) denying his requests for a hardship transfer due to the lengthy five (5) hour commute to work and as a reasonable accommodation for his autoimmune disability, and by providing negative references for Plaintiff's future employment opportunities within the SSA or other government entities.

49.    Plaintiff believes and herein alleges that the SSA subjected him to disparate and negative treatment while favoring employees of non-Caucasian origin.

50.    As a proximate and direct result of the SSA's wrongful conduct of race discrimination, Plaintiff has suffered general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, personal physical injuries, and sickness, as well as emotional distress, humiliation, and mental pain and anguish, all to his damage in an amount to be determined at trial according to proof.

51.    In doing the acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation of Plaintiff's civil rights and a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

52.    Plaintiff has also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees.  Plaintiff requests an award of attorneys' fees pursuant to Government Code § 12965.

## CAUSE OF ACTION II
## AGE DISCRIMINATION IN VIOLATION OF FEHA
## AGAINST ALL DEFENDANTS

-9-

53.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

54.    At all times herein mentioned, California Government Code Section § 12940(j) was in full force and effect and was binding upon the SSA.  California Government Code Section § 12940(j) generally prohibits employers from discharging and otherwise discriminating against an employee based on that employee's age.

55.    At all relevant times mentioned herein, the SSA was Plaintiff's employer, and Plaintiff was the SSA's employee.

56.    Plaintiff believes and herein alleges that The SSA refused to promote Plaintiff through good reviews and good references during Plaintiff's quest for employment and Plaintiff believes this was because of his age. Plaintiff is approximately fifty (50) years old and believes the SSA did not provide good references for Plaintiff due to his age and that the SSA discriminated against Plaintiff because he was over forty (40) years old and refused to hire someone that old.

57.    Through its agents, managers, and employees, the SSA was on actual and constructive notice of the discriminating conduct of age discrimination described herein. The SSA and its agents, managers, and employees violated Government Code § 12940 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein including to not discriminate against Plaintiff due to his age.

58.    In doing the acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation of Plaintiff's civil rights and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

59.    As a proximate result of the wrongful conduct of the SSA, Plaintiff has

-10-

suffered general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, personal physical injuries, and sickness, as well as emotional distress, humiliation, and mental pain and anguish, all to his damage in an amount to be determined at trial according to proof.

60.    Plaintiff has also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees.  Plaintiff requests an award of attorneys' fees pursuant to Government Code § 12965.

## CAUSE OF ACTION III

## HARASSMENT ON THE BASIS OF RACE AND AGE IN VIOLATION OF FEHA

## AGAINST ALL DEFENDANTS

61.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

62.    At all times herein mentioned, California Government Code Section § 12940(j) was in full force and effect and was binding upon the SSA.  California Government Code Section § 12940(j) generally prohibits employers from discharging and otherwise discriminating against or harass an employee based on that employee's disability, age, and/or race.

63.    At all relevant times mentioned herein, the SSA was Plaintiff's employer, and Plaintiff was the SSA's employee.

64.    Plaintiff has an autoimmune disability which is a condition that substantially limits one or more major life activities.

65.    Plaintiff believes and herein alleges that he was subjected to harassing conduct by the SSA because he had refused to submit to the constant bullying and

harassment by the SSA's agents, managers, supervisors, and employees, and other workplace abuses existing at his workplace, including tolerance for abuse and humiliation of employees, and complaining about the treatment he had received from the SSA's employees, agents, manager, and supervisors.

66.    Plaintiff was continuously subjected to harassment at the workplace, including but not limited to continuous denials of Plaintiff's requests for a hardship transfer to a location closer to his family to accommodate his autoimmune disability which was extremely demeaning to him and caused him a significant amount of humiliation and emotional distress.

67.    Plaintiff was also subjected to harassment due to his disability, as well as due to his requests for reasonable accommodations including requests for a hardship transfer due to the lengthy commute of five (5) hours round trip [two and a half (2 ½) hours each way].   The lengthy commute was taking a toll on Plaintiff's health which was already compromised by his autoimmune disability.

68.    The harassing conduct was severe and/or pervasive.

69.    That a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, oppressive, or abusive.

70.    Plaintiff considered the work environment to be hostile, intimidating, oppressive, or abusive.

71.    A supervising manager engaged in the conduct and/or the supervisors knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

72.    As a proximate result of the wrongful conduct of the SSA, Plaintiff has suffered general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, personal physical injuries, and sickness, as well as emotional distress, humiliation, and mental pain and anguish, all to his damage in an amount to be determined at trial according to

-12-

proof.

73.    Through its agents, managers, and employees, the SSA were on actual and constructive notice of the conduct described herein. The SSA and its agents, managers, and employees violated Government Code § 12940 by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

74.    In doing the acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation of Plaintiff's civil rights and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

75.    As a proximate result of the wrongful conduct of the SSA, Plaintiff has suffered general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, personal physical injuries, and sickness, as well as emotional distress, humiliation, and mental pain and anguish, all to his damage in an amount to be determined at trial according to proof.

76.    Plaintiff has also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees.  Plaintiff requests an award of attorneys' fees pursuant to Government Code § 12965.

## CAUSE OF ACTION IV
### RETALIATION IN VIOLATION OF FEHA
### AGAINST ALL DEFENDANTS

77.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

78.    At all times herein mentioned, California Government Code Section §

-13-

12940(g) was in full force and effect and was binding upon the SSA.  California Government Code Section § 12940(g) generally prohibits employers from discharging, discriminating, and/or retaliating against an employee.

79.    At all relevant times mentioned herein, the SSA was Plaintiff's employer, and Plaintiff was the SSA's employee.

80.    As set forth fully above, Plaintiff suffered from a disability while employed by the SSA and engaged in protected activity including but not limited to exercising his rights to leave and complaining about disparate treatment because of his disability.

81.    Plaintiff repeatedly sought opportunities to advance and/ or promote. Plaintiff was repeatedly denied.  Plaintiff believes and thereon alleges that these advancement opportunities were denied in retaliation for Plaintiff's complaints of discrimination.

82.    The SSA retaliated against Plaintiff by refusing to authorize his requests for a hardship transfer due to the lengthy five (5) hour commute which was now taking a toll on his health, thereby denying Plaintiff accommodation for his autoimmune disability.

83.    The SSA failed to take reasonable steps to prevent retaliation. Such conduct violates California Government Code section § 12900 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

84.    As a proximate result of the conduct of the SSA, Plaintiff suffered general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, personal physical injuries, and sickness, as well as emotional distress, humiliation, and mental pain and anguish, all to his damage in an amount to be determined at trial according to proof.

85.    In doing the acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation

of Plaintiff's civil rights and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

86.    Plaintiff has also incurred and continues to incur legal expenses and attorneys' fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees.  Plaintiff requests an award of attorneys' fees pursuant to Government Code § 12965.

## CAUSE OF ACTION V
### FAILURE TO PREVENT DISCRIMINATION, RETALIATION, HARASSMENT IN VIOLATION OF FEHA
### AGAINST ALL DEFENDANTS

87.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

88.    At all relevant times herein mentioned, California Government Code Section § 12940(k) was in full force and effect and was binding upon the SSA. California Government Code Section § 12940(k) and provides that it is an unlawful employment practice for an employer to discriminate, harass, and/or retaliate against the employee because of the employee's race, age, disability, religion, or national origin. An entity shall take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring

89.    At all relevant times mentioned herein, the SSA was Plaintiff's employer, and Plaintiff was the SSA's employee.

90.    The facts alleged above constitute violations of the FEHA in that the SSA harassed, discriminated, and retaliated against Plaintiff.  Plaintiff alleges that the SSA's discrimination, retaliation, and harassing conduct, was an unlawful employment practice in that the SSA failed to take all reasonable steps necessary to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

prevent discrimination, harassment, and retaliation from occurring in violation of Government Code § 12940 of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

91.   The SSA had knowledge or should have known of the discrimination, retaliation, and harassment through their agents, supervisors, and managers.

92.   In doing the discriminatory, retaliatory, and harassing acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

93.   As a proximate result of the wrongful conduct of the SSA, Plaintiff has suffered general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, personal physical injuries, and sickness, as well as emotional distress, humiliation, and mental pain and anguish, all to his damage in an amount to be determined at trial according to proof.

94.   In doing the acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

<u>**CAUSE OF ACTION VI**</u>

**CONSTRUCTIVE DISCHARGE IN VIOLATION OF FEHA**

**AGAINST ALL DEFENDANTS**

95.   Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

96.   At all relevant times mentioned herein, the SSA was Plaintiff's

-16-

employer, and Plaintiff was the SSA's employee.

97.    Plaintiff believes and herein alleges that the ongoing discrimination, harassment, and retaliatory conduct of the SSA was deliberately intended to constructively discharge Plaintiff from the SSA and force him to find alternate employment outside of the SSA.

98.    Plaintiff's health was already compromised due to his autoimmune disability and the extremely lengthy commute of five (5) hours round trip for Plaintiff to work for the SSA in Salinas caused additional health issues including financial and emotional distress.   Plaintiff believes and herein alleges that by denying Plaintiff's requests for a hardship transfer to a SSA office located closer to his residence in Fresno, CA., the SSA forced Plaintiff to end his employment with the SSA and accept a job closer to his residence, even though the closer job was for less money.

99.    Plaintiff believes and herein alleges that the SSA's constructive discharged of Plaintiff was a clear violation of the FEHA, and that the SSA had no intention of ever rehiring Plaintiff due to their intentional constructive discharge.

100.   The SSA intended and/or acted with reckless disregard of the probability that the Plaintiff would suffer financial and emotional distress by and through their discriminatory and retaliatory conduct including but not limited to Plaintiff's constructive discharge.

101.   Plaintiff suffered severe emotional distress and humiliation including but not limited to anxiety, stress, depression, and physical sickness as a direct and proximate result of the SSA's conduct – constructive discharge in violation of the FEHA.

102.   The SSA's retaliatory, discriminatory, and harassing conduct of 'constructive discharge' was a substantial factor in causing Plaintiff severe emotional distress and humiliation.

-17-

103.  As a direct and proximate result of the SSA's conduct, Plaintiff suffered special and general damages in an amount in excess of jurisdictional limits of this Court, in an amount according to proof.

104.  In doing the acts herein alleged, the SSA acted with oppression, fraud, malice, and conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

105.  Plaintiff also seeks an award of attorney's fees and costs, in an amount according to proof.

## CAUSE OF ACTION VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

106.  Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

107.  Plaintiff believes and herein alleges that The SSA knowingly and intentionally represented Plaintiff's employee reputation, character, and skills in a *negative light* by and through the bad references from the SSA HR and by doing so intentionally and purposely caused Plaintiff to suffer emotional distress including but not limited to anxiety, stress, depression, and physical sickness.

108.  Plaintiff believes and herein alleges that the SSA intentionally harassed, retaliated, and discriminated against Plaintiff with a deliberate intent to cause him harm financially and emotionally when they denied his hardship transfer requests, refused to accommodate Plaintiff's request for a known disability, forced him to accept alternate employment for a lesser pay, and provided bad employment references to Plaintiff's prospective new employers.

109.  The SSA had knowledge or should have known that the Plaintiff

-18-

would suffer severe emotional distress and humiliation, to anxiety, stress, depression, and physical sickness, as a direct and proximate result of the discrimination, retaliation, and harassment through their agents, supervisors, and managers.

110.   As more fully set forth above, the Plaintiff suffered severe emotional distress and humiliation including but not limited to anxiety, stress, depression, and physical sickness as a direct and proximate result of the SSA's intentional infliction of emotional distress.

111.   As a direct and proximate cause of the conduct of the SSA, Plaintiff has foreseeably suffered emotional distress including but not limited to depression, frustration, anger, loss of self-worth, and humiliation, all to his damage in an amount according to proof. As a further direct and proximate cause of the aforesaid acts of the SSA, Plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.

112.   In doing the acts herein alleged, the SSA acted maliciously, fraudulently, and oppressively, in an intentional and deliberate manner, in violation of Plaintiff's civil rights, and with a conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial according to proof.

113.   Plaintiff also seeks an award of attorney's fees and costs, in an amount according to proof.

## CAUSE OF ACTION VIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

114.   Plaintiff hereby incorporates by reference the allegations in the above

-19-

paragraphs of this Complaint as though fully set forth herein.

115.    The SSA negligently represented Plaintiff's employee reputation and conduct in a bad light by leaving potential employers with severely negative and biased opinions after they received and reviewed bad references from the SSA HR. The SSA's conduct in doing so was outrageous.

116.    Plaintiff believes and herein alleges that The SSA negligently caused Plaintiff severe emotional distress by exploiting, relaying, displaying, and considering discriminatory, false, and misleading information about Plaintiff and his work product.

117.    In perpetrating the above-described actions, it was reasonably foreseeable that a failure to exercise due care and caution would be negligent and would cause damage to Plaintiff as herein alleged if the SSA failed to exercise due care, caution, and prudence.

118.    Plaintiff suffered severe emotional distress and humiliation as a direct and proximate cause of the SSA's conduct including but not limited to anxiety, stress, humiliation, and physical sickness.

119.    The SSA intended and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

120.    As a direct and proximate result of the SSA's conduct, Plaintiff suffered special and general damages in an amount in excess of jurisdictional limits of this Court, in an amount according to proof.

121.    As a direct and proximate cause of the conduct of the SSA, Plaintiff has foreseeably suffered emotional distress including but not limited to depression, frustration, anger, loss of self-worth, and humiliation, all to his damage in an amount according to proof. As a further direct and proximate cause of the aforesaid acts of SSAs, Plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of

trial.

122.    Plaintiff also seeks an award of attorney's fees and costs, in an amount according to proof.

## **PRAYER FOR RELIEF**

1.    For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

2.    For prejudgment interest on lost wages and benefits;

3.    For general damages, according to proof;

4.    For punitive damages;

5.    For other special damages according to proof, including, but not limited to, reasonable medical expenses;

6.    For all damages available for violations of the FEHA, the Government Code, the California Constitution, common law, and any other provisions of law;

7.    For attorneys' fees and costs of suit incurred, pursuant to Government Code § 12965(b) and any other applicable provisions of law;

8.    For interest at the legal rate from the date of injury.

9.    For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit in obtaining the benefits due Plaintiff, and for violations of Plaintiff's civil rights as set forth above; and

10.    For such other and further relief as the Court deems just and proper.

11.

Dated: March 3, 2023            THE LAW OFFICES OF GARY R. CARLIN, APC

By: */s Gary R. Carlin*
_____
     Gary R. Carlin
     Attorney for Plaintiff,
     BRIAN VOSSLER

-21-

**COMPLAINT FOR DAMAGES**

1

2 **<u>DEMAND FOR JURY TRIAL</u>**

3          Plaintiff hereby demands a Jury Trial

4
Dated:  March 3, 2023          THE LAW OFFICES OF GARY R. CARLIN, APC
5

6

7                              By: */s/ Gary R. Carlin*
                                   Gary R. Carlin
8                                   Attorney for Plaintiff,
                                    BRIAN VOSSLER
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

**COMPLAINT FOR DAMAGES**